he drank it—and this although he said he had been drinking whiskey for 30 years. This is an old story, and it were well if the courts heard it for the last time. Counsel for the defendant fails even to perceive that the fact that in answer to an order for whiskey the defendant produced a liquid to fill the order, was evidence that it was whiskey. The other policeman testified to the giving and filling of the order, but did not taste or smell the drink.

The judgment should be affirmed. All concur.

---

### In re HOME BOOK CO.

(Supreme Court, Special Term, New York County. September 30, 1908.)

RECEIVERS (§ 202*)—REPORTS—REFERENCE FOR EXAMINATION—STATUTORY PROVISIONS.

Under 2 Rev. St. (1st Ed.) pt. 3, c. 8, tit. 4, § 86, providing that receivers in the voluntary dissolution of corporations shall render an account of their proceedings on oath, which shall be referred to a master to report on, which was made applicable to a receiver appointed under Code Civ. Proc. § 2429, relating to the same subject-matter, by Laws 1880, p. 367, c. 245, and expressly excepted from repeal, where objections filed to such a receiver's account by a judgment creditor are sufficiently specific to compel the receiver to be examined under oath concerning his accounts, and to entitle the objecting creditor to present evidence to support his objections, a referee should be appointed to state the receiver's accounts, so as to afford the objecting creditor the opportunity.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 403; Dec. Dig. § 202.*]

In the matter of the voluntary dissolution of the Home Book Company. On motion to overrule objections to the receiver's account and to confirm the account. Account referred to a referee.

Kellogg, Beckwith & Emery (Robert W. Crawford, of counsel), for the motion.

Wood & Wood (William H. Wood, of counsel), opposed.

GIEGERICH, J. Although payments aggregating $28,000, and absorbing all the moneys received, are claimed to have been made, the receiver has failed to produce vouchers, which he says have been lost. Objections have been filed to the account by a judgment creditor, which the receiver claims are too general; but it will be seen from an examination of the same that they are sufficiently specific to compel the receiver to be examined under oath concerning his accounts and to entitle the objecting creditor to present evidence in support of his objections. A referee should therefore be appointed to take and state the accounts of the receiver, which will afford the objecting creditor such opportunity.

Ample authority for such a course is found in section 86 of title 4, pt. 3, c. 8 (vol. 2, 1st Ed.) of the Revised Statutes. This section, together with sections 66 to 85, both inclusive, and 87 to 89, both inclusive, regulate the conduct of receivers in the voluntary dissolution of corporations, and such sections were made applicable to a receiver ap-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pointed under section 2429 of the Code of Civil Procedure by chapter 245, p. 367, of the Laws of 1880, and were expressly excepted from repeal, and are therefore still in force. Section 86 provides as follows:

"Within three months after the time herein prescribed for making a second dividend the receivers shall render a full and accurate account of all their proceedings to the Court of Chancery, on oath, which shall be referred to a master to examine and report thereon."

The sections of the Revised Statutes above referred to (66 to 89, both inclusive) may be found at pages 3265 to 3267 of the fifth edition of Bliss' Annotated Code.

The account of the receiver is therefore referred to a referee to examine and report thereon. The referee will be named upon the settlement of the order, of which let the usual notice be given.